**JUN DA WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Nos. 04–1679–ag(L), 05–3178–ag(CON).

United States Court of Appeals, Second Circuit.

June 8, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, John W. Stone, Jr., Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: RICHARD J. CARDAMONE, DENNIS JACOBS and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jun Da Wang, through counsel, petitions for review of two BIA decisions denying his motions to reopen his exclusion proceedings. In a previous decision, the BIA affirmed Immigration Judge ("IJ") Charles M. Honeyman's decision denying Wang's claims for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say,

where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Motions to reopen must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wang's motion was untimely, but he argues that his motion falls within the exception requiring "changed circumstances arising in the country of nationality. . . ." 8 C.F.R. § 1003.2(c)(3)(ii).

In his second motion to reopen, Wang asserted that his case should be reopened because he now has three children born in the United States. However, this Court has already held that a change in an individual's personal circumstances does not qualify under the changed circumstances exception; an individual must demonstrate that the country conditions have changed in order for this exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child in the United States); *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003).

Wang also argued that the Chinese government has changed how the family planning policy is implemented. Wang's documents, however, show only the basic components of the policy; they do not show how that policy has changed since the BIA entered his final order of exclusion. Wang also submitted an affidavit from Dr. John Aird describing the Chinese family planning policy. While Dr. Aird's affidavit offers some evidence that alleges that U.S.-born children are treated the same as children born in China under the family planning policy, because the affidavit was not specifically prepared for Wang and is not particularized with regard to his circumstances, its relevance is limited. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (rejecting an affidavit from Dr. Aird because it failed to address the petitioner's individual circumstances). Moreover, the Aird affidavit does not demonstrate how the policy changed following the new enactments in 2002. Based on the information submitted with Wang's motions to reopen, the BIA did not abuse its discretion in determining that Wang failed to prove changed circumstances in China.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).